UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICK A. MEANS and CONNIE K. MEANS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:08-CV-0334-DFH-JMS |
| HOWMEDICA OSTEONICS CORP., | ) ) ) | |
| Defendant. | ) | |

ENTRY ON MOTIONS TO DISMISS

Defendant Howmedica developed, tested, and manufactured the Trident Ceramic Acetabular System, an artificial hip replacement device used in patients requiring total hip arthroplasty or replacement. On March 19, 2004, a Trident was implanted in plaintiff Rick Means. Some time after the Trident was implanted in him, Rick Means "heard an audible sound emanating from the location of the Initial Implanted Trident," and he "experienced constant irritation and discomfort." Amended Complaint ¶¶ 19-20. On September 5, 2005, Means underwent a revision surgery. Am. Compl. ¶ 21.

Rick and his wife Connie have sued Howmedica for its manufacture of and its representations about the Trident. They originally brought ten claims. Over the course of litigation, they dismissed two, and have now moved to dismiss their deceptive practices claim (Count X). That motion is granted, leaving seven claims

for disposition by the court. Those claims are strict liability for defective manufacture (Count I), negligent manufacture (Count IV), breach of express warranty (Count V), breach of the implied warranty of fitness for a particular purpose (Count VI), breach of the implied warranty of merchantability (Count VII), and violations of the Indiana commercial fraud statute, Indiana Code § 35-43-5-3(a)(9) and (a)(2) (Counts VIII and IX).

Howmedica moved to dismiss all of the Means' remaining claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Based on *Riegel v. Medtronic, Inc.*, 552 U.S. —, 128 S. Ct. 999 (2008), Howmedica argues that all of the Means' claims should be dismissed as expressly preempted under the Medical Device Amendments Act of 1976, 21 U.S.C. § 360k. In the alternative, Howmedica argues that the Means' negligence, breach of express warranty, and statutory deception claims should be dismissed because they are not pled properly and that their statutory deception claims should be dismissed based on the statute of limitations.

Howmedica also is a defendant in another case asserting nearly identical claims pending in this court brought by a different plaintiff concerning the Trident, and Howmedica filed a nearly identical motion to dismiss in that case, raising these same arguments. *Hofts v. Howmedica Osteonics Corp.*, Case No. 1:08-cv-0855-DFH-TAB, Dkt. 24. The court heard oral argument on Howmedica's motion in *Hofts* on January 16, 2009, and denied the motion orally. Today the

-3-

court is issuing a more detailed written entry explaining the reasons for the ruling. For the reasons explained in that entry, Howmedica's motion to dismiss the Means' claims is also denied.

Accordingly, the plaintiffs' motion to dismiss (Dkt. 77) is granted, and the defendant's motion to dismiss (Dkt. 20) is denied.

So ordered.

Date:  February 11, 2009

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-4-

Copies to:

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com, nbolin@stites.com, mbaugh@stites.com

Stephen B. Caplin
CAPLIN PARK TOUSLEY & MCCOY
sbcpc@yahoo.com, joni_strahl@hotmail.com

Robert M. Connolly
STITES & HARBISON PLLC
rconnolly@stites.com,eberutti@stites.com, elamb@stites.com, tpitcock@stites.com, bwalker@stites.com

Christopher B. Gambill
WAGNER CRAWFORD GAMBILL & TROUT
cgambill@wagnerlawfirm.biz, wcg@wagnerlawfirm.biz

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com, chammett@stites.com